IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

## No. 14-1049

BRUCE CARNEIL WEBSTER,

Petitioner-Appellant,

v.

JOHN F. CARAWAY, Warden,

Respondent-Appellee.

On Appeal from the United States District Court
For the Southern District of Indiana
Judge William T. Lawrence
District Court No. 2:12-cv-00086-WTL-WGH

## PETITIONER-APPELLANT'S REPLY IN SUPPORT OF

## PETITION FOR REHEARING *EN BANC*

## THIS IS A DEATH PENALTY CASE

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 2

I. The Government Ignores the "Structural Defect" Presented Here .................. 2

II. Webster 's Claim is Based on New Evidence, Not a Retroactive Change
in the Law ........................................................................................................... 3

III. The Panel's Opinion Conflicts with Seventh Circuit Law ............................... 4

IV. The Government Argues Facts, Not Law, and Misconstrues the
Factual Record .................................................................................................... 6

    A. Webster Has Not Had "Ample Opportunity" to Present the
    Previously Unavailable Evidence of Mental Retardation ...................... 6

    B. The Government Argues Facts That Have Never Been Found
    and Ignores Key Facts Regarding the Previous Unavailability of
    This Evidence ........................................................................................... 6

CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atkins v. Virginia,*
    536 U.S. 304 (2002) ..................................................................... 3

*Brown v. Carraway,*
    719 F.3d 583 (7th Cir. 2013) ................................................. 2, 3, 5

*In re Davenport,*
    147 F.3d 605 (7th Cir. 1998) ...................................................... 2, 5

*Garza v. Lappin,*
    253 F.3d 918 (7th Cir. 2001) ......................................................... 4

*Hall v. Florida,*
    134 S. Ct. 1986 (2014) .................................................................. 3

*Hope v. United States,*
    108 F.3d 119 (7th Cir. 1997) ........................................................ 3

*Sawyer v. Whitley,*
    505 U.S. 333 (1992) ....................................................................... 3

*Taylor v. Gilkey,*
    314 F.3d 832 (7th Cir. 2002) ...................................................... 3, 4

**Statutes**

28 U.S.C. §2241 ............................................................................ 2, 3, 8

28 U.S.C. §2255 ............................................................................. *passim*

28 U.S.C. §2255(e) ................................................................................ 8

28 U.S.C. §2255(h) ...................................................................... 2, 3, 4, 5

28 U.S.C. §2255(h)(1) ................................................................... 1, 2, 3, 5

28 U.S.C. §2255(h)(2) ...................................................................... 1, 2, 4

## **INTRODUCTION**

The position advocated by the Government and adopted by the Panel is clear and extreme: No prisoner may challenge his constitutional categorical ineligibility for a death sentence based on evidence that was unavailable to the defense prior to the prisoner's initial §2255 motion, regardless of the strength of the new evidence or the reasons for its prior unavailability.  This Court has previously determined that a "structural problem" rendering §2255 ineffective and inadequate was presented where Congress limited successive petitions under §2255(h)(2) to retroactive Constitutional decisions, having apparently overlooked the importance of retroactive statutory decisions. Yet the Government and the Panel failed to recognize the structural problem created where Congress allowed "new evidence" claims directed to factual innocence under §2255(h)(1), but overlooked the equal importance (from a Constitutional standpoint) of new evidence establishing categorical ineligibility for the death penalty.

The Government has confused the legal issue here by seeking to impose on Webster's "new evidence" claim the requirement that Webster show a retroactive statutory change – a requirement in "change-of-law" claims – and ignored the Panel's elevation of a minority view in this Court to the law of the Circuit.

Furthermore, the Government has obfuscated this pure legal question by ignoring key facts, improperly treating as "factual findings" things that have not been found by any court, and ignoring Webster's inability to ever previously present

1

this newly available evidence. For the reasons stated in the Petition and in this Reply, Webster respectfully requests that the Court grant *en banc* review.

## ARGUMENT

### I.    The Government Ignores the "Structural Defect" Presented Here

The Government recognizes in the first part of its Response that "[t]o qualify for section 2241 relief, there must be a structural problem with section 2255 that prevents an opportunity to address the alleged problem on collateral review," Gov't Br. 5, but then ignores the "structural problem" presented here where Congress failed to provide any mechanism under §2255(h)(1)  to consider previously unavailable evidence establishing categorical ineligibility for the death penalty. As the Panel itself recognized in describing the "structural problem" created by §2255(h)(2), "Section 2255(h) allows for a new round of collateral review in response to retroactive constitutional decisions, but Congress did not appear to contemplate the possibility of retroactive *statutory* decisions that show a prisoner's innocence. That's the flaw that *Davenport* and *Brown* see as justification for invoking § 2241." Slip Op. 5 (emphasis in original). Yet, neither the Panel nor the Government's Response confronts the reality that Congress completely overlooked the importance of new evidence claims directed to categorical ineligibility.

Neither the Panel Opinion nor the Government offers any reason whatsoever for why Congress, in enacting §2255(h)(1), might have chosen to prefer new evidence claims directed to factual innocence over new evidence claims directed to categorical ineligibility. There is no indication in the statutory text or legislative history that Congress considered categorical ineligibility for the death penalty when

2

enacting AEDPA. This is hardly surprising, as AEDPA was enacted *before* the Supreme Court's decisions in *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Hall v. Florida*, 134 S. Ct. 1986 (2014). And critically, there can be no doubt, in light of those Supreme Court decisions, that executing a mentally retarded person is at least as forbidden by the Constitution as executing a factually innocent person. Thus, it is not that Congress provided a different process for addressing this issue, or that Congress considered this issue and decided it did not warrant relief. Congress simply never considered the constitutional deprivation Webster presents here at all. As with retroactive statutory decisions, Congress simply overlooked this issue in enacting §2255(h).[1] *Brown v. Carraway*, 719 F.3d 583, 597 n.1 (7th Cir. 2013); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

## II. Webster 's Claim is Based on New Evidence, Not a Retroactive Change in the Law

The Government's Response, like the Panel Opinion, faults Webster for seeking review of the evidence establishing his mental retardation, contending that Webster is not relying upon a retroactive statutory change and was not prevented from making his *claim* of mental retardation in prior proceedings "so [§]2241 should be unavailable." Gov't Br. 6-7. But these were requirements imposed by the Court in connection with "change-in-law" cases such as *Taylor et al*. Unlike the petitioners in

---

[1] The Government's reliance on *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997) for the proposition that Congress considered and rejected categorical ineligibility as part of AEDPA's successive petition rules is misplaced. Gov't Br. 10. *Hope* simply construed §2255(h)(1)'s language "guilt of the offense" to mean factual innocence of the crime, and ruled that a non-capital defendant could not challenge his sentence under §2255(h)(1). Further, AEDPA amended only §2255—not §2241—and there is no evidence that Congress intended to overrule *Sawyer v. Whitley*, 505 U.S. 333 (1992) in the §2241 context when it enacted AEDPA. *See Brown*, 719 F.3d at 600.

*Taylor*, Webster's claim turns upon previously undisclosed evidence, not a change in law. That makes this case fundamentally different from any case this Court has considered before. It makes no sense to require a prisoner seeking relief on the basis of previously undisclosed evidence establishing his categorical exclusion from the death penalty to show that the law has changed.[2]

Critically, on the issue of "new evidence," the Panel and the Government assert that their position would preserve AEDPA's purpose in preventing the re-litigation of claims. However, not even Congress went as far as the Panel and Government now propose in restricting the opportunity for habeas review. When Congress crafted AEDPA's restrictions on successor petitions, it expressly allowed for the presentation of a claim based on new evidence without making *any* limitation as to whether the *issue* had been presented before. Congress was not concerned with—and indeed specifically allowed for—the re-litigation of a claim when it was supported by sufficiently strong new evidence, as Webster's claim is here. The only difference, and the only reason Webster cannot get relief under §2255, is that §2255(h)(2) was limited to factual innocence. This is the "glitch" that this Court needs to address, not whether new evidence provides a viable basis for review post-§2255—Congress has already decided that it does.

## III.   The Panel's Opinion Conflicts with Seventh Circuit Law

The Government's Response ignores the fact that the Panel has adopted, in direct conflict with existing Seventh Circuit law, the minority view expressed in the

---

[2] Contrary to the Panel's opinion, this Court has expressly recognized that §2255(h) may be ineffective even if it is not based on a retroactive change of statutory law. *See Garza v. Lappin*, 253 F.3d 918, 923 (7th Cir. 2001).

4

*Brown* Circuit Statement. *Brown*, 719 F.3d at 597, 596-601 (Circuit Rule 40(e)

Statement of Easterbrook, C.J.). Instead of considering whether Congress may have

overlooked the impact of the limitations of §2255(h)(1) on "new evidence" claims

directed to categorical ineligibility, the Panel held that if a claim could have been

brought earlier (even if it was doomed because the most important evidence

supporting that claim was unavailable to the defense) and if it is outside the

limitations of §2255(h) so that to consider it would result in AEDPA being "self-

negating," then the statute is not ineffective. But this is the same *minority* rationale

expressed in the *Brown* Circuit Statement:

> We do not call a lawyer's work "ineffective" just because
> the defendant's arguments have been considered and
> rejected by the Supreme Court or the local circuit. A
> lawyer's work satisfies the "ineffective assistance"
> doctrine if counsel presents the best available defense,
> *even if that defense is doomed. So too with
> §2255. . . . [W]hen an argument is permissible but fails on
> the merits there is no problem with the adequacy of §2255.*
>
> *        *        *
>
> What sense can it make to hold that the 1996
> amendments to §2255 are self-defeating? Yet, by
> combining *Davenport* and *Narvaez*, the panel concludes
> that §2255(f) and §2255(h) make §2255 as a whole
> "inadequate or ineffective" because the AEDPA sets
> limits. Laws should not be interpreted as self-cancelling.

*Brown*, 719 F.3d at 597, 600 (Circuit Rule 40(e) Statement of Easterbrook, C.J.)

(emphasis added). The *Brown* Circuit Statement recognized that this was the

minority view, and contrary to this Circuit's rule under *In re Davenport*, 147 F.3d

605 (7th Cir. 1998), in that *"Davenport* held that §2255 is 'ineffective' if the

argument was bound to fail at the time it should have been presented." *Brown*, 719

5

F.3d at 597. Yet this minority view of AEDPA is the basis for the Panel's decision here.

IV.  **The Government Argues Facts, Not Law, and Misconstrues the Factual Record**

A.  **Webster Has Not Had "Ample Opportunity" to Present the Previously Unavailable Evidence of Mental Retardation**

The Government reasons that because federal law barred the execution of the mentally retarded at the time of Webster's trial, Webster has had ample opportunity to argue that he is ineligible for the death penalty. Gov't Br. 5-8. That argument is directly contrary to the Panel Opinion's stated "assumption" that the evidence was, in fact, "newly discovered." Slip Op. 4. If the evidence was unavailable to the defense, then Webster has not had *any* opportunity to present it, and could not have made the arguments that he makes here: That the new evidence would have established Webster's mental retardation and obliterated the Government's attack on mental retardation at trial.

B.  **The Government Argues Facts That Have Never Been Found and Ignores Key Facts Regarding the Previous Unavailability of This Evidence**

Despite the fact that both the Panel and the Government have acknowledged that this Court is confronted with a purely legal question, the Government's Response is primarily devoted to spinning the facts and goes so far as to treat the Panel's statements as if they are factual findings—in express contradiction to the Panel's own statements that it assumed that the evidence is newly discovered and strong enough to affect the jury's determination. Slip Op. 4. However, there have been no findings of fact by any court. Instead, different long-serving circuit court

6

judges have opined on the nature and strength of the evidence and expressed diametrically opposite views.

Further, despite purporting to focus on the facts, the Government simply ignores the facts it doesn't like. The Government's discussion of evidentiary unavailability, for example, ignores the uncontroverted facts surrounding the requests for SSA records made by Webster's trial counsel,[3] and that Webster's §2255 counsel requested discovery of all government records that related to a diagnosis of mental retardation, only to have that request opposed by the Government and denied by the judge. *See* Opening Br. 5. Moreover, the Government, like the Panel, completely ignores the stonewalling and other suspicious circumstances of the SSA's production of the previously undisclosed evidence in 2009 and the SSA's subsequent destruction of Webster's files.[4]

---

[3] In March 1996, Webster's trial counsel contacted the SSA and attempted to retrieve records regarding Webster's application for benefits. (S.App.502 ¶4.) Webster's trial counsel arranged for a private investigator to travel to the Pine Bluff, Arkansas, SSA Office to retrieve Webster's records before his trial. (*Id*.) Webster's trial counsel's recollection is that he was informed that no records regarding Webster's application were available at that time. (*Id*.) There is no evidence that the SSA ever produced the records requested by Webster's trial counsel or that, as the Government claims, trial counsel failed to follow through.

[4] After being retained to represent Webster, undersigned counsel sent a routine request to the SSA and other agencies on October 27, 2008, for all records relating to Webster, and received, in February 2009, the SSA records that Webster sought to present to the District Court. (S.App.557 ¶6.) Upon examining these records, the file appeared incomplete. (S.App.558 ¶7.) Counsel, accordingly, submitted a request for the missing records and was informed by the SSA that, despite the fact that Webster's request was supported by a valid authorization, "normal procedures were not followed when the [SSA] records received in February of 2009 were sent," and that "the person who copied and sent them had retired." (S.App.558.) The SSA refused to produce any additional records or even confirm whether any additional records existed. (*Id*.)  Within two months, however, the SSA admitted that it had, in the face of these direct requests from undersigned counsel, destroyed all of Webster's files. (S.App.559-60 ¶¶12-13.) These facts strongly suggest that trial counsel's recollection that the SSA never produced the records to him was correct.

## CONCLUSION

AEDPA is ineffective because it provides no mechanism for the consideration of evidence establishing categorical ineligibility for the death penalty that was not reasonably available to the defense until after the initial §2255 proceeding. Under 28 USC §§2255(e) and 2241, Webster's claim should be reviewed by the District Court in an evidentiary hearing.

Webster respectfully requests that this Court: (1) grant his petition for rehearing en banc; (2) reverse the District Court's order; (3) find that he is entitled to review of the previously unavailable evidence under 28 U.S.C. §2241; and (4) remand for discovery and an evidentiary hearing.

Dated: October 10, 2014                    DORSEY & WHITNEY LLP


By:  /s/Steven J. Wells_____
             Steven J. Wells
                *Counsel of Record*
             Kirsten E. Schubert
             Timothy J. Droske
          Suite 1500, 50 South Sixth Street
          Minneapolis, MN 55402-1498
          Telephone:  (612) 340-2600

          *Attorneys for Petitioner-Appellant*
          *Bruce Carneil Webster*

8