**U.S. Department of Justice**

United States Attorney
Southern District of Indiana

---

*10 West Market Street, Suite 2100*          Main: (317) 226-6333
*Indianapolis, Indiana 46204-3048*          Fax: (317) 226-6125

January 2, 2015

Gino Agnello, Clerk
Seventh Circuit Court of Appeals
219 S. Dearborn Avenue
Chicago, IL 60604

> Re:     Fed. R. App. P. 28(j) letter in *Webster v. Caraway*, No. 14-1049 (en banc argument scheduled January 7, 2015)

Mr. Agnello:

The government cites significant authority and legislative history undermining Webster's claim that section 2255 is inadequate because, in passing AEDPA, Congress did not contemplate the possibility of new evidence showing ineligibility for the death penalty. Pet. for Rehearing at 8-9; Reply Br. at 6-7. These authorities demonstrate that Congress made a considered decision to exclude successive petitions alleging ineligibility for the death penalty. Webster should not be permitted to circumvent that decision by bringing an otherwise barred claim through section 2241.

Under *Sawyer v. Whitley*, petitioners could present defaulted or abusive claims challenging a death sentence if they made an initial showing "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner *eligible for the death penalty*." 505 U.S. 333, 336 (1992) (emphasis added). Through AEDPA, Congress "incorporate[d] a modified version of the *Sawyer* standard." *In re Williams*, 330 F.3d 277, 283 n.3 (4th Cir. 2003). Section 2255(h)(1), like section 2244(b)(2)(B)(ii), permits successive new-evidence claims that, "if proven …, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant *guilty of the offense*."

AEDPA's legislative history confirms that, by adopting this modified standard, Congress chose to exclude successive petitions alleging ineligibility for the death penalty. Congress originally proposed incorporating the modified standard into a provision governing stays of execution after an initial round of habeas litigation. *Williams*, 330 F.3d at 283 n.3. In discussing the standard, which was substantially similar to section 2255(h)(1), Congress explained it was "based on the definition of 'actual innocence' suggested by … *Sawyer*," but "[o]nly claims impugning the reliability of the petitioner's conviction for the underlying offense … could be raised." H.R.Rep. No. 104-23, at 16 (1995). The provision "bars … claims that go only to the petitioner's eligibility for a capital sentence" because "there are ample opportunities to raise such sentence-related claims at earlier stages of state and federal review." *Id.* "[A]ny value in permitting such claims in second or later federal habeas petitions is greatly outweighed by the likelihood of routine abuse." *Id.* at 16-17.

Respectfully submitted,

JOSH J. MINKLER
Acting United States Attorney


*s/ Wes Hendrix*
Wes Hendrix
Special Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*s/Wes Hendrix*
Wes Hendrix
Special Assistant U.S. Attorney