**STEVEN J. WELLS**
**(612) 340-7809**
**wells.steve@dorsey.com**

January 5, 2015

**VIA ELECTRONIC FILING**

Gino Agnello, Clerk
Seventh Circuit Court of Appeals
219 S. Dearborn Avenue
Chicago, IL 60604

> Re:    Fed. R. App. P. 28(j) response letter in *Webster v. Caraway*, No. 14-1049 (en
> banc argument scheduled January 7, 2015)

Mr. Agnello:

The twenty-year old legislative history, and the Fourth Circuit's footnote regarding that legislative history in *In re Williams*, 330 F.3d 277, 282 n.3 (4th Cir. 2003), submitted in the Government's January 2, 2015 letter, are inapplicable to the issue here—that Congress, in passing AEDPA, did not contemplate the possibility of new evidence showing a federal prisoner's categorical constitutional ineligibility for the death penalty due to mental retardation.

First, the legislative history and *Williams* specifically pertained to *state* court convictions and have no bearing on relief to federal prisoners under §2255. *Williams*, 330 F.3d at 278; H.R. Rep. No. 104-23 at 10, 16-17, 25-30 (1995).

Second, the specific comments highlighted by the Government as reflecting "a considered decision to exclude successive petitions alleging ineligibility for the death penalty" were narrowly confined to *streamlined proceedings* in *state* capital cases. H.R. Rep. No. 104-23 at 16. This streamlined process was a proposed "quid pro quo arrangement" according states "stronger finality rules on federal habeas review in return for strengthening the right to counsel for indigent capital defendants," and applying only to "states that meet this condition." *Id.* at 10, 16-17, 25-27. It thus reflected federalism concerns that have no bearing on federal prisoners, and in any event, was not enacted in that form.

Third, even assuming Congress did consider *Sawyer* in the context of §2255 when enacting AEDPA, *Sawyer* did not involve categorical constitutional ineligibility for the death penalty. Indeed, Congress could not have contemplated the categorical constitutional ineligibility of the mentally retarded for the death penalty when AEDPA was passed, given that *Atkins v. Virginia* was not decided until eight years later.

Finally, the same legislative history would have allowed federal courts to enter a stay where the Supreme Court recognized a new, retroactive "Federal right," H.R.Rep.No.

Gino Agnello
January 5, 2015
Page 2


104-23 at 5.  Nevertheless, this Court determined in *Taylor v. Gilkey* that in restricting §2255(h)(2) to a "new rule of constitutional law," Congress "may have overlooked the possibility that new and retroactive statutory decisions could justify collateral review."  314 F.3d 832, 835 (7th Cir. 2002).  A similar "glitch" exists here.


Respectfully Submitted,

DORSEY & WHITNEY LLP


By __/s/Steven J. Wells_____
Steven J. Wells
     *Counsel of Record*
Kirsten E. Schubert
Timothy J. Droske
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile: (952) 516-5526

*Attorneys for Petitioner-Appellant Bruce Carneil Webster*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

__/s/ Steven J. Wells_____


DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Gino Agnello
January 5, 2015
Page 3

Facsimile: (612) 340-2868
*Attorneys for Petitioner-Appellant Bruce Carneil Webster*