**IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

_____

**NO. 14-1049**

_____

| | | |
|---|---|---|
| **BRUCE CARNEIL WEBSTER,** | ) | |
| | ) | **Appeal from the United States** |
| **Appellant** | ) | **District Court for the** |
| | ) | **Southern District of Indiana** |
| **v.** | ) | **Terre Haute Division** |
| | ) | |
| **CHARLES A. DANIELS, Warden,** | ) | **The Honorable WILLIAM T. LAWRENCE** |
| | ) | |
| **Appellee** | ) | **Cause No. 2:12-CV-086-WTL-WGH** |

**UNOPPOSED MOTION TO STAY THE MANDATE**

The United States of America, by and through its attorneys, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Wes Hendrix, Special Assistant United States Attorney, respectfully moves this Court, pursuant to Fed. R. App. P. 41(d)(2), to stay the issuance of its mandate pending the Solicitor General's determination whether to file a petition for a writ of certiorari. If filed, the petition would present a substantial question, and interests of judicial economy constitute good cause for the stay. Counsel for Mr. Webster has authorized counsel for the government to represent that he does not oppose this motion.

1. On May 1, 2015, this Court issued its en banc opinion, holding, by a vote of 6-to-5, that "there is no categorical bar against resort to section 2241 in cases where new evidence would reveal that the Constitution categorically

1

prohibits a certain penalty," slip Op. at 33, and remanding for an evidentiary hearing concerning certain discrete issues relating to Webster's mental retardation.

2.  Federal Rule of Appellate Procedure 41(d)(2)(A) provides that "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court."   The rule requires the motion to "show that the certiorari petition would present a substantial question and that there is good cause for a stay."   Fed. R. App. P. 41(d)(2)(A).   Additionally, the stay generally may not exceed 90 days.   *Id.*   If a party who obtains the stay files a petition for the writ and notifies the circuit clerk in writing within the period of the stay, "the stay continues until the Supreme Court's final disposition."   *Id.*

3.  The Rule 41(d)(2) criteria are met here, and therefore, a stay is warranted.   The petition would present a substantial question relating to the circumstances under which a federal criminal defendant may pursue a successive collateral attack under the savings clause based on allegedly new evidence concerning his mental retardation.   Although there is no square conflict in the circuits on that issue, the majority's novel and unprecedented resolution of this admittedly "importan[t]" issue, see slip op. at 3, by the narrowest of margins, will, as the dissenting judges noted, have far-reaching implications, at the very least, for all federal capital defendants, who are housed at a federal prison in Terre Haute, within this circuit's jurisdiction.   *See* Slip Op. at 53-54 (Easterbrook, J., dissenting).

2

4.    Second, there is good cause for a stay.   As the Court well knows, in federal litigation, the Solicitor General must authorize the filing of a certiorari petition, see 28 C.F.R. 0.20, and that process will not be completed before this Court would otherwise issue its mandate.   Absent a stay of the mandate, the court-ordered district court proceedings on remand may commence and the parties will be forced to conduct the required evidentiary hearing.   Moreover, the district court—who has no real familiarity with the extensive and lengthy factual and procedural history of this case—will be forced to expend the time, energy, and resources to decide the case.   Under these circumstances, judicial economy is better served by staying this Court's mandate until the Solicitor General determines whether to seek certiorari.   In the event that the Solicitor General declines to authorize the filing of a petition for a writ of certiorari, the government will promptly notify the Court and counsel in writing so that the mandate may issue forthwith.

> Respectfully submitted,
>
>
> JOSH J. MINKLER
> United States Attorney
>
>
> By:    *s/ Wes Hendrix*
> Wes Hendrix
> Special Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE AND CONFERENCE</u>

This is to certify that I have served a copy of the foregoing Motion upon the parties listed herein, by United States mail on the 6th day of May, 2015.   I certify further that I have conferred with Steven Wells, counsel for Webster, and he is unopposed to staying the mandate pending the Solicitor General's consideration of this case and determination of whether to seek certiorari.

*s/ Wes Hendrix*
Wes Hendrix
Special Assistant U.S. Attorney
Office of the United States Attorney
10 West Market Street,
Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333